FILED

DEC -1 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No.  S4-4:15 CR 00404 HEA (NAB) |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOSE ALFREDO VELAZQUEZ, | ) | Counts 1 and 3 |
| a/k/a "Jose Alfredo Velasquez- | ) | |
| Cabazos," or "Jose Alfredo | ) | |
| Velasquez-Cavazos," | ) | |
| ADRIAN LEMONS, | ) | Counts 1, 3, 6-7, 10–12, 18-20, 24-25, |
| a/k/a "AD," or "D," | ) | and 52-55 |
| ANTHONY JORDAN, | ) | Counts 2, 3, and 5-9, 56 |
| a/k/a "TT," or "Godfather," | ) | |
| DWAYNE RAINEY, | ) | Count 3 |
| a/k/a "Fat Boy,"or "Big Wayne," | ) | |
| JUAN RAMON GARZA, | ) | Counts 3 and 18 |
| a/k/a "Primo," | ) | |
| LUIS FERNANDO CANTU, | ) | Counts 3 and 18 |
| a/k/a "Luis Gonzales-Cantu," | ) | |
| JOSE EDUARDO CAVAZOS, | ) | Count 3 |
| DERRICK TERRY, | ) | Counts 3, 4, 5, 28-29, 48-51 and 56 |
| a/k/a "D Boy," or "D," | ) | |
| LARON COLEMAN, | ) | Counts 3, 4, 14-16, and 22 |
| a/k/a "Big Dog," or "Chub," | ) | |
| LOUIS FELTON, | ) | Counts 3 and 4 |
| GERRY CUSHSHON, | ) | Count 3 |
| SAMIR SIMPSON-BEY, | ) | Counts 3 and 4 |
| a/k/a "Mir," | ) | |
| CLARENCE MILLER, | ) | Counts 3 and 18 |
| DEMETRIUS O'NEAL, | ) | Counts 3 and 17 |
| a/k/a "Demetrius Oneal," or "Wayne," | ) | |
| MAURICE WOODSON, | ) | Counts 3, 6, 7, 19-21, 23, 26, and 37 |
| a/k/a "Blue," or "Lil Blue," | ) | |
| GREGORY KNOX, | ) | Counts 4 and 13 |
| a/k/a "Capone," | ) | |
| LARRY BOYD, | ) | Count 4 |
| a/k/a "Billy Blood," | ) | |
| GLORIA WARD, | ) | Counts 3, 5, 8, and 9 |

| STANFORD WILLIAMS, | ) | Counts 3, 4, 30-31, and 51 |
| a/k/a "Stan," or "Big Stan," | ) | |
| RICHARD EARL SCOTT, JR., | ) | Counts 3, 4, and 32-35 |
| a/k/a "Big Rick," "Rick Rock" | ) | |
| or "Rick Rick," | ) | |
| JOHN HENRY HARVEY, | ) | Count 36 |
| ANTHONY BOWEN, | ) | Count 3 |
| a/k/a "Tony," | ) | |
| DORIAN FURNACE, | ) | Count 3 |
| a/k/a "D," | ) | |
| CRAIG WALKER, | ) | Count 3 |
| a/k/a "C.G.," "Cgizle," or | ) | |
| "Nephew," | ) | |
| ISAIAH LOVE, JR., | ) | Count 3 |
| a/k/a "Skeet," or "Nephew," | ) | |
| VIRGIL SIMS, | ) | Count 3, 19, and 20 |
| a/k/a "V.G.," or "B.G." | ) | |
| TERRELL BROWN, | ) | Counts 3, 27, and 38 |
| a/k/a "Lazy," or "Lazo," | ) | |
| CHARLES THOMPSON, | ) | Counts 3, 8, and 9 |
| a/k/a "Man Man," | ) | |
| MICHAEL GRADY, | ) | Counts 3, 4, 28-29, and 51 |
| OSCAR DILLON, III, | ) | Counts 3, 4, 28-29, and 51 |
| a/k/a "Ant," "Chest," "Muscles," | ) | |
| CHARDA DAVIS, | ) | Counts 28-29, and 45-47 |
| SIERRA COLLINS, | ) | Count 37 |
| JERRY BROWN, JR., | ) | Counts 3, 39, 42, 44 |
| a/k/a "J-Bird," and | ) | |
| FARRAAD JOHNSON, | ) | Counts 3, 39-41, 43 |
| a/k/a "F," | ) | |
| | ) | |
| Defendants. | ) | |

## FOURTH SUPERSEDING INDICTMENT

## COUNT ONE

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but including 2012, and continuing to

the time of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or**

2

Jose Alfredo Velasquez-Cavazos, and
ADRIAN LEMONS, a/k/a "AD," or "D,"

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that:

A.    JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, and **ADRIAN LEMONS, a/k/a "AD," or "D,"** within the Eastern District of Missouri, and elsewhere, did knowingly and intentionally commit felony violations of Subchapters 1 and 2 of the Drug Abuse Control Act of 1970, in that, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, committed violations of Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2, including, but not limited to:

(1)    Beginning in or about 2012, and continuing through the date of this Indictment, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** did agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); in furtherance of this scheme, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** established a distribution network to routinely transport bulk shipments or a mixture or substance containing cocaine from Mexico into the United States, and thereafter to the Eastern District of Missouri for distribution; the agreement also included the routine transportation of bulk quantities of United States currency back to the Velazquez Drug Trafficking Organization ("Velazquez DTO") as payment for the bulk shipments of cocaine.

(2)    On or about December 5, 2013, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** while engaging in and working in furtherance of this continuing criminal enterprise, and while engaging in an offense punishable under Title 21, United States Code, Section 841(a)(1), acting together with **ANTHONY JORDAN, a/k/a "TT," or "Godfather," MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others, did intentionally kill, counsel, command, induce, procure, and cause the intentional killing of Byron Earts, Sr., in violation of Title 21, United States Code, Section 848(e)(1)(A).

3

(3)     On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting together with **ANTHONY JORDAN, a/k/a "TT" or "Godfather," MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein,
In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).
And in the course of this violation caused the death of Byron Earts, Sr., through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111.

(4)     Between on or about February 3, 2014, and February 6, 2014, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, attempted to possess with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and that one or more of the defendants committed a substantial step in furtherance thereof;

(5)     On or about February 6, 2014, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, possessed with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2;

(6)     On or about June 30, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(7)     On or about August 25, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(8)     On or about August 26, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular

telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(9)    On or about November 10, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(10)   On or about February 4, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(11)   On or about February 4, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b); and

(12)   On or about February 5, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(13)   On or about February 5, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(14)   On or about February 6, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of

distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(15)     On or about February 6, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(16)     Between on or about February 4, 2015, and February 6, 2015, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, including **JUAN RAMON GARZA, LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," and CLARENCE MILLER,** attempted to possess with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and that one or more of the defendants committed a substantial step in furtherance thereof; and

(17)     On or about April 11, 2015, in Dunklin County, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting together with **MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"** and others did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count Three herein,
In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).
And in the course of this violation caused the death of William "Lil Will" Thomas, through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111.

(18)     On or about January 13, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly possess a firearm, namely a Carl Walther make, PPS model, .40 S&W caliber semi-automatic pistol, in furtherance of drug trafficking crimes, in violation of Title 18, United States Code, Section 924(c)(1)(A);

with each violation being a part of a continuing series of violations of said statutes.

B.     **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or

Jose Alfredo Velasquez-Cavazos, and **ADRIAN LEMONS, a/k/a "AD," or "D,"** acted in concert with at least five other persons, with respect to whom the defendants, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or Jose Alfredo Velasquez-Cavazos, and **ADRIAN LEMONS, a/k/a "AD," or "D,"** occupied a position of organizer, supervisor, and manager.

C.   **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos,** and **ADRIAN LEMONS, a/k/a "AD," or "D,"** obtained substantial income and resources from the violations described in paragraphs A and B above.

All in violation of Title 21, United States Code, Sections 848(a), 848(c) and 848(e), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Sections 848(a) and (e)(1)(A).

## COUNT TWO

The Grand Jury further charges that:

Beginning on a date unknown to the grand jury, but including on or about January 1, 2002, and continuing up to the date of this Indictment, within the Eastern District of Missouri, the defendant,

## ANTHONY JORDAN, a/k/a "TT" or "Godfather,"

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), and punishable

under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THREE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**JOSE ALFREDO VELAZQUEZ,**
a/k/a Jose Alfredo Velasquez-Cabazos or Jose Alfredo Velasquez-Cavazos
**ADRIAN LEMONS, a/k/a "A.D.," or "D,"**
**ANTHONY JORDAN, a/k/a "T.T.," or "Godfather,"**
**DWAYNE RAINEY, a/k/a "Fat Boy,"or "Big Wayne,"**
**DERRICK TERRY, a/k/a "D Boy," or "D,"**
**JUAN RAMON GARZA,**
**LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu,"**
**JOSE EDUARDO CAVAZOS,**
**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**
**LOUIS FELTON,**
**GERRY CUSHSHON,**
**SAMIR SIMPSON-BEY, a/k/a "Mir,"**
**CLARENCE MILLER,**
**DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal," or "Wayne,"**
**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**
**STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan,"**
**RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"**
**ANTHONY BOWEN, a/k/a "Tony,"**
**DORIAN FURNACE, a/k/a "D,"**
**CRAIG WALKER,  a/k/a "C.G.," "Cgizle," or "Nephew,"**
**ISAIAH LOVE, JR., a/k/a "Skeet," or "Nephew,"**
**VIRGIL SIMS, a/k/a "V.G.," or "B.G."**
**TERRELL BROWN, a/k/a "Lazy," or "Lazo,"**
**GLORIA WARD,**
**CHARLES THOMPSON, a/k/a "Man Man,"**
**MICHAEL GRADY,**
**OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"**
**JERRY BROWN, JR., a/k/a "J-Bird," and**
**FARRAAD JOHNSON, a/k/a "F,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other

8

persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, ADRIAN LEMONS, a/k/a "A.D.," or "D," ANTHONY JORDAN, a/k/a "T.T.," or "Godfather," DWAYNE RAINEY, a/k/a "Fat Boy," or "Big Wayne," DERRICK TERRY, a/k/a "D Boy," or "D," JUAN RAMON GARZA, LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," JOSE EDUARDO CAVAZOS, CLARENCE MILLER, MAURICE WOODSON, a/k/a "Blue," and "Lil Blue," STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan," ANTHONY BOWEN, a/k/a "Tony," DORIAN FURNACE, a/k/a "D," CRAIG WALKER, a/k/a "C.G.," "Cgizle," or "Nephew," ISAIAH LOVE, JR., a/k/a "Skeet," or "Nephew," VIRGIL SIMS, a/k/a "V.G.," or "B.G.," TERRELL BROWN, a/k/a "Lazy," or "Lazo," GLORIA WARD, CHARLES THOMPSON, a/k/a "Man Man," MICHAEL GRADY, OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles," JERRY BROWN, JR., a/k/a "J-Bird," and FARRAAD JOHNSON, a/k/a "F,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The amount of cocaine involved in the conspiracy and attributable to defendants **LARON**

COLEMAN, a/k/a "Big Dog," or "Chub," GERRY CUSHSHON, DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal," or "Wayne," and RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick," as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT FOUR

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

LARON COLEMAN, a/k/a "Big Dog," or "Chub,"
LOUIS FELTON,
SAMIR SIMPSON-BEY, a/k/a "Mir,"
GREGORY KNOX, a/k/a "Capone,"
LARRY BOYD, a/k/a "Billy Blood,"
DERRICK TERRY, a/k/a "D Boy," or "D,"
STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan,"
RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"
MICHAEL GRADY, and
OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of heroin involved in the conspiracy and attributable to defendants **LARON COLEMAN, a/k/a "Big Dog," or "Chub," DERRICK TERRY, a/k/a "D Boy," or "D," STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan," RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick," MICHAEL GRADY, and OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is one hundred grams or more of a mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(i).

## COUNT FIVE

The Grand Jury further charges that:

On or about June 25, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**DERRICK TERRY, a/k/a "D Boy," and "D," and**
**GLORIA WARD,**

acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of Anthony "Blinky" Clark, through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting together and with others, and acting with malice

11

aforethought, unlawfully killed Anthony "Blinky" Clark, by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

**COUNT SIX**

The Grand Jury further charges that:

**General Allegations**

1.    From in or about 2012, and continuing through the date of this Indictment, within the Eastern District of Missouri and elsewhere, the defendants

**ADRIAN LEMONS, a/k/a "AD," or "D,"**
**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"and**
**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in Count Three herein.

2.    **ADRIAN LEMONS, a/k/a "AD," or "D,"** was the primary leader of the cocaine trafficking organization in the Eastern District of Missouri. **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos,** and the Velazquez Drug Trafficking Organization (Velazquez DTO) was the primary, but not exclusive source of supply for cocaine to **ADRIAN LEMONS, a/k/a "AD," or "D,"** and coconspirators operating within the Eastern District of Missouri.

3.    During the course of the conspiracy, as a general matter, **ADRIAN LEMONS, a/k/a "AD," or "D,"** distributed distribution quantities of cocaine through his organization

12

directly and indirectly to conspirators to include **ANTHONY JORDAN, a/k/a "TT" or "Godfather," and MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others.

4. **ADRIAN LEMONS, a/k/a "AD," or "D,"** as the primary distributor working directly with the Velazquez DTO, exercised significant influence and control in relation to the conspirators with whom he supplied and distributed cocaine within the Eastern District of Missouri.

5. Members of the drug distribution conspiracy, including but not limited to **ANTHONY JORDAN, a/k/a "TT" or "Godfather," and MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others, possessed and used firearms in furtherance of drug trafficking activities. Members of the conspiracy utilized acts of violence and intimidation to further the drug trafficking conspiracy.

6. In or about November and December 2013, **ANTHONY JORDAN, a/k/a "TT" or "Godfather," and ADRIAN LEMONS, a/k/a "AD," or "D,"** had discussions with **MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others, about the proposition of murdering Byron Earts, Sr.

### Murder of Byron Earts, Sr.

7. On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, and elsewhere, the defendants,

> **ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
> **ADRIAN LEMONS, a/k/a "AD," or "D," and**
> **MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

acting together and with others, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: conspiracy to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, as alleged in paragraphs 1

through 6 of this count of the indictment, and Count Three of this Indictment and incorporated herein, did knowingly, intentionally, and unlawfully kill and counsel, command, induce, procure, and cause the intentional killing of Byron Earts, Sr., and such killing did result, and did aid, abet and assist others, including **ANTHONY JORDAN, a/k/a "TT" or "Godfather," ADRIAN LEMONS, a/k/a "AD," or "D," and MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others in the commission of said offense.

In violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

**COUNT SEVEN**

The Grand Jury further charges that:

On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"
ADRIAN LEMONS, a/k/a "AD," and "D," and
MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of Byron Earts, Sr., through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting together and with others, and acting with malice aforethought,

unlawfully killed Byron Earts, Sr., by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## COUNT EIGHT

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**CHARLES THOMPSON, a/k/a "Man Man," and**
**GLORIA WARD,**

acting with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the deaths of Robert "Parker G" Parker and Clara Walker through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with others and acting with malice aforethought, unlawfully killed Robert Parker and Clara Walker by shooting each with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## COUNT NINE

The Grand Jury further charges that:

On or about January 21, 2014, in the City of Saint Louis, within the Eastern District of

Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**CHARLES THOMPSON, a/k/a "Man Man," and**
**GLORIA WARD,**

the defendants herein, acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of Michail "Yellow Mack" Gridiron through the use of one or more firearms, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting with together and with others, and acting with malice aforethought, unlawfully killed Michail "Yellow Mack" Gridiron by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

## COUNT TEN

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including the period between February 3, 2014, and February 6, 2014, in the Eastern District of Missouri and elsewhere, the defendant,

**ADRIAN LEMONS, a/k/a "AD," or "D,"**

acting with others, did knowingly and intentionally attempt to commit the following offense against the United States: to knowingly and intentionally distribute and to possess with the

16

intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and that one or more of the defendants committed a substantial step in furtherance thereof.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable to the defendant, **ADRIAN LEMONS, a/k/a "AD," or "D,"** was in excess of five kilograms, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

### COUNT ELEVEN

The Grand Jury further charges that:

On or about February 6, 2014, in the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS, a/k/a "AD," or "D,"

acting with others, including Terry Gilliam, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable the defendant, **ADRIAN LEMONS, a/k/a "AD," or "D,"** was in excess of five kilograms, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

17

## COUNT TWELVE

The Grand Jury further charges that:

On or about February 6, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**ADRIAN LEMONS, a/k/a "AD," or "D,"**

acting with others, including Terry Gilliam, did knowingly possess a firearm, namely a Sturm-Ruger .40 caliber semi-automatic pistol, in furtherance of the drug trafficking crimes charged in Counts One, Three, Ten, and Eleven herein, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT THIRTEEN

The Grand Jury further charges that:

On or about May 8, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**GREGORY KNOX, a/k/a "Capone,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FOURTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FIFTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**

acting with another, did knowingly and intentionally possess with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Section 841(b)(1)(B)(i).

## COUNT SIXTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**

acting with others, and having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce

ammunition, namely Remington 9 millimeter cartridges, said ammunition having previously

traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Sections

922(g)(1) and 2.

## COUNT SEVENTEEN

The Grand Jury further charges that:

On or about November 10, 2014, in St. Louis City, within the Eastern District of

Missouri and elsewhere, the defendant,

**DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal," or "Wayne,"**

did knowingly and intentionally possess with the intent to distribute five hundred grams or more

of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under

Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT EIGHTEEN

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including the period between

February 4, 2015, and February 6, 2015, in the Eastern District of Missouri and elsewhere, the

defendants,

**ADRIAN LEMONS, a/k/a "AD," or "D,"**
**JUAN RAMON GARZA, a/k/a "Primo,"**
**LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," and**
**CLARENCE MILLER,**

acting together, did knowingly and intentionally attempt to commit the following offense against

the United States: to knowingly and intentionally distribute and possess with the intent to

distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II

20

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and that the defendants committed a substantial step in furtherance thereof.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable to each of the defendants, **ADRIAN LEMONS, a/k/a "AD," or "D," JUAN RAMON GARZA, a/k/a "Primo," LUIS FERNANDO CANTU, and CLARENCE MILLER** was in excess of five kilograms, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT NINETEEN

The Grand Jury further charges that:

### General Allegations

1.      From in or about 2012, and continuing through the date of this Indictment, within the Eastern District of Missouri and elsewhere, the defendants

**ADRIAN LEMONS, a/k/a "AD," or "D,"
MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and
VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in Count Three herein.

2.      **ADRIAN LEMONS, a/k/a "AD," or "D,"** was the primary leader of the cocaine trafficking organization in the Eastern District of Missouri. **JOSE ALFREDO VELAZQUEZ,**

21

a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos, and the Velazquez Drug Trafficking Organization (Velazquez DTO) was the primary, but not exclusive source of supply for cocaine to **ADRIAN LEMONS, a/k/a "AD," or "D,"** and coconspirators operating within the Eastern District of Missouri.

3.	During the course of the conspiracy, as a general matter, **ADRIAN LEMONS, a/k/a "AD," or "D,"** distributed distribution quantities of cocaine through his organization directly and indirectly to conspirators to include **VIRGIL SIMS, a/k/a "V.G.," or "B.G.," CRAIG WALKER, a/k/a "C.G.," "Cgizle," or "Nephew," ISAIAH LOVE, JR., a/k/a "Skeet," or "Nephew," and MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others.

4.	**ADRIAN LEMONS, a/k/a "AD," or "D,"** as the primary distributor working directly with the Velazquez DTO, exercised significant influence and control in relation to the conspirators with whom he supplied and distributed cocaine within the Eastern District of Missouri.

5.	Members of the drug distribution conspiracy, including but not limited to **ADRIAN LEMONS, a/k/a "AD," or "D," VIRGIL SIMS, a/k/a "V.G.," or "B.G.," CRAIG WALKER, a/k/a "C.G.," "Cgizle," or "Nephew," ISAIAH LOVE, JR., a/k/a "Skeet," or "Nephew," and MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others, possessed and used firearms in furtherance of drug trafficking activities. Members of the conspiracy utilized acts of violence and intimidation to further the drug trafficking conspiracy.

6.	In or about March and April 2015, **ADRIAN LEMONS, a/k/a "AD," or "D," and VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"** had discussions and contact with **MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others, about the proposition of murdering

William "Lil Will" Thomas.

## Murder of William "Lil Will" Thomas

7.      On or about April 11, 2015, in Dunklin County, within the Eastern District of Missouri, and elsewhere, the defendants,

**ADRIAN LEMONS, a/k/a "AD," or "D," and
MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and
VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"**

acting together and with others, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: conspiracy to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, as alleged in paragraphs 1 through 6 of this count of the indictment, and Count Three of this Indictment and incorporated herein, did knowingly, intentionally, and unlawfully kill and counsel, command, induce, procure, and cause the intentional killing of William "Lil Will" Thomas, and such killing did result, and did aid, abet and assist others, including **ADRIAN LEMONS, a/k/a "AD," or "D," MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"** and others in the commission of said offense.

In violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWENTY

The Grand Jury further charges that:

On or about April 11, 2015, in Dunklin County, within the Eastern District of Missouri, the defendants,

**ADRIAN LEMONS, a/k/a "AD," and "D,"
MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and
VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"**

acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of William "Lil Will" Thomas, through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting together and with others, and acting with malice aforethought, unlawfully killed William "Lil Will" Thomas, by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

### COUNT TWENTY-ONE

The Grand Jury further charges that:

On or about April 30, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWENTY-TWO

The Grand Jury further charges that:

On or about July 14, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce ammunition, namely Winchester .45 Auto caliber ammunition, said ammunition having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-THREE

The Grand Jury further charges that:

On or about December 9, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWENTY-FOUR

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

**ADRIAN LEMONS, a/k/a "AD," or "D,"**

did knowingly possess a firearm, namely a Carl Walther make, PPS model, .40 S&W caliber semi-automatic pistol, in furtherance of the drug trafficking crimes charged in Counts One and Three herein, in violation of Title 18, United States Code, Section 924(c)(1)(A), and punishable under Section 924(c)(1)(C)(i).

## COUNT TWENTY-FIVE

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

**ADRIAN LEMONS, a/k/a "AD," or "D,"**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Carl Walther make, PPS model, .40 S&W caliber semi-automatic pistol, said firearm having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-SIX

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Sig Sauer make, P239 model, .40 S&W caliber semi-automatic pistol, said firearm having previously

traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY-SEVEN

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### TERRELL BROWN, a/k/a "Lazy," or "Lazo,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT TWENTY-EIGHT

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

### DERRICK TERRY, a/k/a "D Boy," or "D,"
### MICHAEL GRADY,
### OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles," and
### CHARDA DAVIS,

acting together and with others, did knowingly corruptly obstruct, influence, and impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB, and did knowingly attempt to obstruct, influence, and impede said official proceeding, and in furtherance thereof, each defendant took a substantial step, including the flight of **Derrick Terry, a/k/a "D Boy," or "D,"** to Dallas, Texas, all in violation of Title 18, United States Code,

Sections 2 and 1512(c)(2).

## COUNT TWENTY-NINE

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

**DERRICK TERRY, a/k/a "D Boy," or "D,"**
**MICHAEL GRADY, and**
**OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles," and**
**CHARDA DAVIS,**

acting together and with others, did knowingly travel, or cause, counsel, and command another to travel in interstate commerce with the intent to avoid prosecution for a felony offense, namely conspiracy to distribute cocaine charged in *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB, charged under the laws of the United States within the Eastern District of Missouri from which **Derrick Terry, a/k/a "D Boy," or "D,"** fled, in violation of Title 18, United States Code, Sections 2 and 1073.

## COUNT THIRTY

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

28

## COUNT THIRTY-ONE

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-TWO

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-THREE

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-FOUR

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"**

did knowingly and intentionally possess with the intent to distribute marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(D).

## COUNT THIRTY-FIVE

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

**RICHARD EARL SCOTT, JR., a/k/a "Big Rick," "Rick Rock," or "Rick Rick,"**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Glock make, Model 23, .40 S&W caliber semi-automatic pistol, said firearm having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTY-SIX

The Grand Jury further charges that:

On or about January 29, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### JOHN HENRY HARVEY,

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Hi-Point make, JHP model, .45 caliber semi-automatic pistol, said firearm having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTY-SEVEN

The Grand Jury further charges that:

Beginning on a date unknown to the grand jury, but including between on or about February 1, 2016 and March 31, 2016, and continuing up to the date of this Indictment, within the Eastern District of Missouri, the defendants,

### MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and
### SIERRA COLLINS,

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, to commit offenses against the United States, to wit: to kill and attempt to kill another person with the intent to prevent the attendance and testimony of any person in an official proceeding, namely *United States v. Maurice Woodson, a/k/a "Blue," or "Lil Blue," et al*, S1-4:15CR 404 HEA/NAB.

In violation of Title 18, United States Code, Sections 1512(a)(1)(A), and (k), and

31

punishable under Title 18, United States Code, Sections 1512(3) and (k).

## COUNT THIRTY-EIGHT

The Grand Jury further charges that:

On or about July 1, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### TERRELL BROWN, a/k/a "Lazy," or "Lazo,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THIRTY-NINE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including July 20, 2016, in St. Louis County, within the Eastern District of Missouri, the defendants,

### JERRY BROWN, JR., a/k/a "J Bird," and
### FARRAAD JOHNSON,

acting together, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable to each of the defendants, **JERRY BROWN, JR., a/k/a "J Bird," and FARRAAD JOHNSON**, was in excess of five hundred grams, making the offense

punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT FORTY

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### FARRAAD JOHNSON,

acting with others, did knowingly possess firearms, including: (1) a Springfield/HS Products (IM Metal), Model XD45, .45 caliber pistol; (2) a Sig Sauer (Sig-Arms) Model P320, .40 caliber pistol; (3) a Special Weapons, Model SW5, 9 mm rifle; and (4) a Keltec, CNC Industries, 5.56 mm firearm, in furtherance of the drug trafficking crimes charged in Counts Three and Thirty-Nine, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2; and

The Special Weapons, Model SW5, 9 mm rifle, possessed by defendant **FARRAAD JOHNSON** is: (1) a short-barreled rifle, making the offense punishable under of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(i); and (2) a machinegun, making the offense punishable under of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

## COUNT FORTY-ONE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### FARRAAD JOHNSON,

acting with others, did knowingly possess a machine gun, a weapon that shoots, is designed to shoot, and/or can readily be restored to shoot more than one shot without manual reloading, by a

33

single function of the trigger, to wit: a Special Weapons, Model SW5, 9 mm rifle.

In violation of Title 18, United States Code, Sections 922(o) and 2, and punishable under Title 18, United States Code, Section 924(a)(2).

## COUNT FORTY-TWO

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### JERRY BROWN, JR., a/k/a "J Bird,"

acting with others, did knowingly possess firearms, including: (1) a Kimber, Model Solo Carry, 9 mm pistol; (2) a Bushmaster Firearms, Model XM15-E2S, 5.56 mm pistol; (3) an IO Inc. (Inter Ordnance), Model AKM247T, 7.62 caliber rifle; and (4) a Zastava, Model PAP M85 NP, 5.56 mm rifle, in furtherance of the drug trafficking crimes charged in Counts Three and Thirty-Nine, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FORTY-THREE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri, the defendant,

### FARRAAD JOHNSON,

acting with others, did manage and control the premises of 1136 Edlor Drive, St. Louis County, Missouri, as an occupant, and did knowingly and intentionally make available for use the premises for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856(a)(2), and punishable under Title 21, United States Code, Section 856(b).

## COUNT FORTY-FOUR

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but on or after October 22, 2015, in St. Louis County and elsewhere, within the Eastern District of Missouri,

### JERRY BROWN, JR., a/k/a "J Bird,"

the defendant herein, who was then under indictment for a crime punishable by imprisonment for a term exceeding one year, to wit: (1) Assault in the First Degree – Serious Physical Injury; and (2) Armed Criminal Action, in Circuit Court of Saint Louis County, Missouri Case Number 15SL-CR03701-01, did willfully receive a firearm, that is, an IO Inc. (Inter Ordnance), Model AKM247T, 7.62 caliber rifle bearing serial number S002830, said firearm having been shipped and transported in interstate commerce or foreign commerce, in violation of Title 18, United States Code, Section 922(n).

## COUNT FORTY-FIVE

Beginning on a date unknown to the grand jury, but including on or about July 27, 2016, and continuing up to the date of this Indictment, within the Eastern District of Missouri and elsewhere, the defendant,

### CHARDA DAVIS,

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), and punishable

35

under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FORTY-SIX

The Grand Jury further charges that:

On or about July 27, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### CHARDA DAVIS,

acting with others, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FORTY-SEVEN

The Grand Jury further charges that:

On or about July 27, 2016, in St. Louis County, within the Eastern District of Missouri, the defendant,

### CHARDA DAVIS,

acting with others, did manage and control the premises of 775 Laredo, St. Louis County, Missouri, as an occupant, and did knowingly and intentionally make available for use the premises for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856(a)(2), and punishable under Title 21, United States Code, Section 856(b).

## COUNT FORTY-EIGHT

The Grand Jury further charges that:

Beginning on or about August 1, 2014 and continuing thereafter until February 2015, in

36

the Eastern District of Missouri, the defendant,

**DERRICK TERRY, a/k/a "D Boy," or "D,"**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, that is, the rental of 6451 Clayton Road, Unit 209, St. Louis, Missouri, 63117, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and the distribution of heroin, a Schedule One controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FORTY-NINE

The Grand Jury further charges that:

Beginning on or about September 12, 2014 and continuing thereafter until on or about September 12, 2016, in the Eastern District of Missouri and elsewhere, the defendant,

**DERRICK TERRY, a/k/a "D Boy," or "D,"**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, that is, the purchase of a 2011 Porsche Panamera, which transactions involved the

proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and the distribution of heroin, a Schedule One controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTY

The Grand Jury further charges that:

Beginning around April 2013 and continuing thereafter until around November 2015, in the Eastern District of Missouri and elsewhere, the defendant,

## DERRICK TERRY, a/k/a "D Boy," or "D,"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and the distribution of heroin, a Schedule One controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United

States Code, Section 1956(a)(1)(B)(i).

Manner and Means of the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. Defendant Derrick TERRY led an organization engaged in cocaine trafficking which generated substantial proceeds for TERRY.

2. Between April 2013 and November 2015, Defendant Derrick TERRY purchased or directed co-conspirators to purchase 17 properties in the St. Louis, Missouri area.

3. Defendant Derrick TERRY purchased some of the properties in his own name or in the name of an entity he created and controlled. TERRY directed the co-conspirators to purchase properties in their own names or in the names of the TERRY controlled entities.

4. Defendant Derrick TERRY utilized proceeds from his drug trafficking organization to purchase the properties.

5. Defendant Derrick TERRY also provided drug proceeds to his co-conspirators so that they could purchase the properties as TERRY directed.

6. On or about November 18, 2015, in order to consolidate and conceal ownership, Defendant Derrick TERRY and the co-conspirators acting at TERRY's direction quitclaimed and transferred the 17 properties to DCT Real Estate LLC, an entity controlled by Defendant Derrick TERRY.

7. Filed paperwork related to the transfers of the 17 properties to DCT Real Estate LLC state that no monies were involved in the transactions.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTY-ONE

The Grand Jury further charges that:

Beginning around August 2015 and continuing thereafter until the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**DERRICK TERRY, a/k/a "D Boy," or "D,"**
**MICHAEL GRADY,**
**OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles," and**
**STANFORD WILLIAMS, a/k/a "Stan," or "Big Stan,"**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTY-TWO

The Grand Jury further charges that:

On or about July 8, 2014, in the Eastern District of Missouri, the defendant,

**ADRIAN LEMONS, a/k/a "A.D.," or "D,"**

did knowingly engage and attempt to engage in a monetary transaction by, through or to a

financial institution, that is, Neighbors Credit Union, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is a withdrawal, transfer, and exchange of funds, such property having been derived from a specified unlawful activity, to wit: the distribution of cocaine, a Schedule II controlled substance, in violation of Title 18, United States Code, Sections 1957.

## COUNT FIFTY-THREE

The Grand Jury further charges that:

Beginning around February 2012 and continuing thereafter until around February 2013, in the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS, a/k/a "A.D.," or "D,"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

Manner and Means of the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. Defendant Adrian LEMONS led an organization engaged in drug trafficking which generated substantial proceeds for LEMONS.

2. Between March 7, 2012 and April 17, 2014, Adrian Lemons utilized drug proceeds to purchase six residential properties located in the St. Louis area from co-conspirators.

3. The co-conspirators reported on filed documents that the properties were conveyed for free to Defendant Adrian LEMONS.

4. After the purchases, Adrian Lemons quitclaimed all of the properties to All Property Investments LLC, an entity created and controlled by Defendant Adrian LEMONS.

5. On February 6, 2015, law enforcement conducted an enforcement operation against Defendant Adrian LEMONS' drug trafficking organization. During the operation, law enforcement searched a "stash house" associated with LEMONS and seized a substantial amount of drug proceeds.

6. As a result of the enforcement operation, on February 23, 2015, Defendant Adrian LEMONS quitclaimed all of the properties from All Property Investments LLC to the Revocable Living Trust of Adrienne Lemons. Defendant Adrian LEMONS was the grantor and grantee on the transfer, and further identified himself as the trustee for the trust.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIFTY-FOUR

The Grand Jury further charges that:

On or about June 22, 2012, in the Eastern District of Missouri, the defendant,

### ADRIAN LEMONS, a/k/a "A.D.," or "D,"

knowingly conducted and attempted to conduct financial transaction affecting interstate or

foreign commerce, that is, the purchase of 11553 Poeggemoeller Avenue, St. Louis, Missouri 63138, which transaction involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and designed the transaction in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT FIFTY-FIVE

The Grand Jury further charges that:

On or about July 8, 2014, in the Eastern District of Missouri, the defendant,

### ADRIAN LEMONS, a/k/a "A.D.," or "D,"

knowingly conducted and attempted to conduct financial transaction affecting interstate or foreign commerce, that is, the purchase of 877 Wall Street, St. Louis, Missouri 63124, which transaction involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and designed the transaction in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

43

## COUNT FIFTY-SIX

The Grand Jury further charges that:

On or about February 3, 2010, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather," and
DERRICK TERRY, a/k/a "D Boy," and "D,"**

acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

And in the course of this violation caused the deaths of Keairrah Johnson and Marquis Jones, through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting together and with others, and acting with malice aforethought, unlawfully killed Keairrah Johnson and Marquis Jones, by shooting each with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 846 or 848 as set forth in this indictment, the defendant(s) shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as a

44

result of such violation(s) and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation(s).

2.    Subject to forfeiture upon a conviction of all applicable counts of the indictment is a sum of money equal to the total value of property, real or personal, constituting, or derived from, any proceeds obtained directly or indirectly as a result of such violation(s).

3.    Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922 or 924 as set forth in this indictment, the defendant(s) shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said offense.

4.    Pursuant to Title 18, United States Code, Section 982, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as set forth in Counts Forty-Nine through Fifty-Six of the Indictment, the defendants identified therein shall forfeit to the United States of America:

a.    any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956; and

b.    any property traceable to such property.

5.    The specific property subject to forfeiture includes, but is not limited to, the following:

1. Approximately $5,650.00 U.S. Currency seized on or about February 6, 2015,
2. Approximately $299,730.00 U.S. Currency seized on or about February 6, 2015,
3. Approximately $130,000.00 U.S. Currency seized on or about February 4, 2015,
4. Approximately $570,245.00 U.S. Currency seized on or about February 6, 2015,
5. Approximately $6,000.00 U.S. Currency seized on or about July 27, 2016,
6. Approximately $3,960.00 U.S. Currency seized on or about April 15, 2016,
7. Approximately $245,492.53 U.S. Currency seized on or about January 13, 2016,

8. Approximately $4,000.00 U.S. Currency seized on or about January 13, 2016,
9. Approximately $2,165.00 U.S. Currency seized on or about May 8, 2014,
10. 2005 BMW Coupe 645Ci, VIN: WBAEH73445B192800 seized on or about January 13, 2016,
11. 2009 Chevrolet Silverado, VIN: 1GCHK63K99F189500 seized on or about January 13, 2016,
12. 2004 Chevrolet Silverado, VIN: 2GCEK19N141150052 seized on or about September 16, 2015,
13. 2004 Pontiac GTO, VIN: 6G2VX12G14L178092 seized on or about September 16, 2015,
14. 2005 Pontiac Grand Prix, VIN: 2G2WC52C651329470 seized on or about August 27, 2015,
15. 2006 Jeep Grand Cherokee SRT, VIN: 1J8HR78346C341479 seized on or about August 27, 2015,
16. 2011 Porsche Panamera, VIN: WPOAA2A76BL012356 seized on or about November 7, 2016;
17. Miscellaneous Jewelry seized on or about January 13, 2016, more particularly described as follows:
    a. One 10KT white gold diamond bracelet,
    b. U.S. Polo Assn. wrist watch, 2 earrings, one silver bowtie ring, one bowtie earring, 2 fashion rings,
    c. One pair 14KT white gold earstuds,
    d. One stainless steel gent's Movado watch, Model 0606800 with misc watch links and pins, Ser No: 13506901,
    e. One brass & white gold moth jewelry "grillz,"
    f. One gent's Johnny's brand wristwatch and one gent's Kenneth Cole Quartz wristwatch,
    g. One square link chain and diamond cross pendant,
    h. One 10KT white gold mouth jewelry "grillz",
    i. One gent's Rolex Oyster Perpetual watch with approximate diamond weight 27.85ct on band, Ser No: 6510592, and
    j. One 14KT yellow gold man's diamond cluster ring.
18. Jimenez Arms Inc. Pistol and Miscellaneous Ammunition, Serial No: 1153267 seized on or about January 13, 2016,
19. Sig Sauer P239 .40 Pistol, Serial No: SBU020543 seized on or about January 13, 2016,
20. Zastava Pap M92 PV 7.62 Pistol, M92PV055336 seized on or about January 13, 2016,
21. Springfield/HS Products (IM Metal), Model XD45, .45 caliber pistol, seized on or about July 20, 2016,
22. Sig Sauer (Sig-Arms) Model P320, .40 caliber pistol, seized on or about July 20, 2016,
23. Special Weapons, Model SW5, 9 mm rifle, seized on or about July 20, 2016,
24. Keltec, CNC Industries, 5.56 mm firearm, seized on or about July 20, 2016,
25. Kimber, Model Solo Carry, 9 mm pistol, seized on or about July 20, 2016,
26. Bushmaster Firearms, Model XM15-E2S, 5.56 mm pistol, seized on or about July 20, 2016,
27. 10 Inc. (Inter Ordnance), Model AKM247T, 7.62 caliber rifle, seized on or about July 20, 2016,

28. Zastava, Model PAP M85 NP, 5.56 mm rifle, seized on or about July 20, 2016, and

29. The following real properties, together with all appurtenances, improvements, and attachments thereon:

    a.  6451 Clayton Road, Unit 209, St. Louis, MO, 63117

    b.  877 Wall Street, St. Louis, MO 63124

    c.  2836 Lyndhurst Avenue, St. Louis, MO 63114

    d.  5257-5259 Northland Avenue, St. Louis, MO 63113

    e.  4569 Alcott Avenue, St. Louis, MO 63120

    f.  3814 Council Grove Avenue, St. Louis, MO 63120

    g.  5518 Floy Avenue, St. Louis, MO 63136

    h.  11553 Poeggemoeller Avenue, St. Louis, Missouri 63138

    i.  877 Wall Street, St. Louis, MO 63147

    j.  8546 Concord Place, St. Louis, MO 63147

    k.  815 Elias Avenue, St. Louis, MO 63147

    l.  1600 McLaran Ave, St. Louis, MO 63147

6.      If any of the property described above, as a result of any act or omission of the defendant(s):

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided

          without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____

THOMAS REA, #53245MO
STEPHEN CASEY, #58879M0
MICHAEL A. REILLY, #43908MO
Assistant United States Attorneys